UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,                          Civil No. 14-4019 (NLH/KMW)

                    Plaintiff,

v.                                          **OPINION**

CHRISTOPHER P. DIANTONIO,
et al.,

                    Defendants.
_____

**APPEARANCES:**

Patrick Joseph Shea, Esquire
Susan M. Valinis, Esquire
Reilly Janiczek & McDevitt PC
Kevon Office Center
2500 McClellan Boulevard
Suite 240
Merchantville, New Jersey 08109

        *Counsel for Plaintiff*

William J. Martin, Esquire
Martin, Gunn & Martin
216 Haddon Avenue
Suite 420
Westmont, New Jersey 08108

        *Counsel for Defendant Christopher P. DiAntonio*

Edward R. Petkevis, Esquire
Edward R. Petkevis PC
1380 Hornberger Avenue
Roebling, New Jersey 08554

        *Counsel for Defendants Michael McBride and Donna McBride*

**HILLMAN, District Judge:**

Plaintiff, North American Specialty Insurance Company, filed this declaratory judgment action requesting a determination as to whether or not it has a duty to defend and indemnify Defendant Christopher P. DiAntonio in a separate federal court action, McBride v. DiAntonio, Civil Action No. 13-6082 (NLH/AMD), which is also pending before the undersigned. Defendant DiAntonio now moves to dismiss the declaratory judgment action pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the moving papers, including the opposition filed by Plaintiff,[1] and has decided this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, Defendant's motion to dismiss is denied.

**I.   JURISDICTION**

The Court has subject matter jurisdiction over Plaintiff's declaratory judgment action pursuant to 28 U.S.C. § 1333, because the claim concerns a marine insurance contract and therefore falls under the Court's admiralty jurisdiction. Centennial Ins. Col. v. Lithotech Sales, LLC, 187 F. Supp. 2d 214, 217 (D.N.J. 2001)("this action for declaratory judgment

---

[1] Defendants Michael McBride and Donna McBride have not filed with the Court a statement of their position as to Defendant DiAntonio's motion.

respecting a marine insurance contract was brought under the court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333.").

## II. <u>BACKGROUND</u>

This case arises out of a Charter Vessel insurance policy issued by Plaintiff to Defendant for the M/V Anejo, bearing policy number 58-M0001078-00, for the policy period of June 2, 2012 to June 2, 2013. (Compl. ¶ 11.) The M/V Anejo is a Hatteras 42' Convertible motor vessel. (<u>Id.</u> ¶ 7.) Michael McBride, while a paying passenger aboard the M/V Anejo on or about August 17, 2012, purportedly fell and sustained a serious personal injury. (<u>Id.</u> ¶ 17.) As a result of the alleged personal injury, Michael McBride and his wife, Donna McBride, have instituted a civil action against Defendant DiAntonio and the M/V Anejo. (<u>Id.</u> ¶¶ 6, 22.)[2] As noted above, the action is captioned <u>McBride v. DiAntonio</u>, Civil Action No. 13-6082 (NLH/AMD) (the "Underlying Action"), and is also pending before the undersigned.

Defendant DiAntonio demanded that Plaintiff defend and indemnify him in the Underlying Action. (<u>Id.</u> ¶ 24.) Plaintiff, however, contends that it has no obligation to cover claims against DiAntonio under the policy. (<u>Id.</u> ¶¶ 28, 29.)

---

[2] By Order dated December 4, 2013, all claims against the vessel were dismissed without prejudice. (Order [Doc. No. 9], Dec. 4, 2013.)

Specifically, Plaintiff argues that the policy provided that the vessel must not be used to carry more than six passengers, yet the vessel was carrying ten passengers at the time of Mr. McBride's alleged injury.  (Id. ¶¶ 13-18.)  Even though Plaintiff takes the position that it need not provide a defense or indemnification, Plaintiff "pursuant to a reservation of rights, is currently providing Diantonio and the M/V Anejo with a defense in the Underlying Action."  (Id. ¶ 25.)

Defendant DiAntonio seeks dismissal of the complaint on the basis that Plaintiff, by undertaking and controlling the defense of the Underlying Action without a valid reservation of rights, is estopped from denying coverage of the claim in the Underlying Action.  In support, Defendant relies upon five letters, which he attaches to the motion to dismiss, from Plaintiff concerning coverage of the claims in the Underlying Action.  According to Defendant, through these letters it is clear that Plaintiff controlled the defense in the Underlying Action for seven months before seeking to reserve its rights.  (Br. in Supp. of Mot. to Dismiss under Fed. R. Civ. P. 12(b)(6) 3.)  Defendant cites New Jersey case law for the proposition that an insurer who defends an action without a valid reservation of rights is estopped from later denying coverage.  (Id. at 5.)

Plaintiff does not address the substance of Defendant's arguments but rather disputes the procedural mechanism by which

4

Defendant raises such arguments.  Plaintiff contends that it is improper for the Court to consider the five letters submitted by Defendant in connection with a motion under Rule 12(b)(6), as they are extraneous to the pleadings. (Pl.'s Br. in Opp. to Def. DiAntonio's Mot. to Dismiss under Fed. R. Civ. P. 12(b)(6) 6-7.)  Plaintiff notes that although the Court may consider documents upon which a complaint is based, the claim in this case is purportedly not based on the reservation of rights letters. (Id. at 8.)  According to Plaintiff, the claim is based instead on the language of the policy and the specific facts surrounding the trip that gave rise to Mr. McBride's purported injury. (Id.)  Plaintiff notes that the Court may grant a Rule 12(b)(6) motion based on an affirmative defense, but the predicate establishing the defense must be apparent from the face of the complaint. (Id.)  In this case, Plaintiff argues, any affirmative defenses of estoppel or waiver are not apparent from the face of the complaint. (Id. at 9.)

Defendant responds in reply that the letters attached to his motion are not mere correspondence, but are, together with the insurance policy, the documents that form the basis of Plaintiff's claim. (Reply Br. in Supp. of Mot. to Dismiss under Fed. R. Civ. P. 12(b)(6) 6.)  Thus, Defendant argues, the letters should have been attached to the complaint with the

5

insurance policy.  (Id.)  The letters are therefore purportedly properly considered in this motion to dismiss.  (Id.)

### III.  STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)

In considering whether a plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).  A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.

6

Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).  Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937).

"[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

7

Finally, a court in reviewing a Rule 12(b)(6) motion must consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013).  A court may also consider "'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'"  Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(d).

## IV.  **DISCUSSION**

The Court cannot resolve the substance of Defendant's motion to dismiss until first deciding whether it may consider the reservation of rights letters submitted by Defendant.  As noted above, the Court may consider on a motion to dismiss documents attached to the complaint as exhibits, matters of public record, and documents upon which the claims are based. Thus, the fundamental issue is whether Plaintiff's claims are based upon the reservation of rights letters.

As an initial matter, the Court rejects Defendant's argument that because the reservation of rights letters are referenced at Paragraph 25 of the complaint, they may be

incorporated by reference as though attached to the complaint. Paragraph 25 of the complaint states as follows: "NAS, pursuant to a reservation of rights, is currently providing Diantonio and the M/V Anejo with a defense in the Underlying Action."  (Compl. ¶ 25.)

The Third Circuit has noted that the Court may consider a document "if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  The Third Circuit has further explained that "'[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.'" Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002)(internal citation omitted)(emphasis in original). Thus, it is clear that mere reference to a document in a complaint is insufficient to invoke the rule that the Court may consider documents extraneous to the pleadings.  The documents referred to in the complaint must be central to the plaintiff's claims in the case.

While Defendant argues that the reservation of rights letters are central to Plaintiff's claim, the Court disagrees. Through this action, Plaintiff asks the Court to construe the policy and find that Plaintiff has no obligation under the

policy to defend and indemnify in the Underlying Action.  The
factual allegation in Paragraph 25 has no bearing on whether
Plaintiff, pursuant to the terms of the policy, has an
obligation to provide a defense and indemnification in that
action.  The Court's determination on Plaintiff's claim will be
based on the language of the policy and the facts surrounding
Mr. McBride's alleged injury.  As such, Plaintiff's claim for
declaratory judgment is not based on the reservation of rights
letters.

In so finding, however, the Court does not discount the
import the reservation of rights letters may have in determining
the outcome of this action, for Plaintiff's conduct may bind
Plaintiff to provide a defense in the Underlying Action even if
the policy does not so require.  Defendant argues in this regard
that Plaintiff may be estopped from denying coverage because it
provided a defense in the Underlying Action without a valid
reservation of rights, citing in support Griggs v. Bertram, 88
N.J. 347, 356, 443 A.2d 163 (N.J. 1982).  In Griggs, the New
Jersey Supreme Court held that "[u]nder certain circumstances an
insurance carrier may be estopped from asserting the
inapplicability of insurance to a particular claim against its
insured despite a clear contractual provision excluding the

claim from the coverage of the policy."[3]  Id. at 355, 443 A.2d

163.  Although the Court at this time does not determine whether

New Jersey law applies in this case,[4] the reservation of rights

letters may, depending on the applicable law,[5] ultimately bear on

---

[3] Griggs involved a fight between two high school students in
which the plaintiff was injured.  Griggs, 88 N.J. at 353, 443
A.2d 163.  The defendant sent a notice to his insurance carrier
of a potential claim, and the insurer sent an investigator to
interview the defendant.  Id.  Nearly two years later, the
plaintiff finally filed a complaint and the defendant promptly
sent the complaint to the insurer.  Id.  The insurer at that
time disclaimed coverage because of a policy provision excluding
intentional torts.  Id. at 354, 443 A.2d 163.  Even though the
policy would not have covered the claim, the trial court found
that the insurer had to pay the settlement ultimately reached
between the plaintiff and the defendant, because the carrier's
failure to notify its insured of its intention to disclaim
estopped it from denying coverage.  Id.  The trial court's
decision was affirmed by the New Jersey Appellate Division and
the New Jersey Supreme Court on the estoppel issue.  Thus,
Griggs holds that an insurer's conduct may impose an obligation
to provide coverage on equitable grounds, even if the terms of
an insurance policy do not require the insurer to provide
coverage.

[4] Defendant cites, without analysis, New Jersey law in support of
his motion.  The Court notes that marine insurance contracts are
governed by federal admiralty law when there is an established
federal rule, and by state law when there is not.  Centennial
Ins. Co., 187 F. Supp. 2d at 217.  To the extent state law
applies to the claims and defenses in this matter, the Court
notes that the insurance contract does not appear to contain a
choice of law provision, and the parties do not address the
choice of law issue.

[5] It appears that New Hampshire law also recognizes an estoppel
defense, but the Court has not at this time conducted a complete
choice of law analysis to determine what law applies.  See A.J.
Cameron Sod Farms, Inc. v. Continental Ins. Co., 142 N.H. 275,
280-81, 700 A.2d 290 (N.H. 1997).

Plaintiff's obligation to defend and indemnify in the Underlying Action.

Nonetheless, the reservation of rights letters do not affect the Court's determination of whether Plaintiff is obligated, pursuant to the terms of the insurance policy, to provide a defense.  The issue of estoppel -- while perhaps ultimately bearing on a determination of coverage -- is distinct from the issue of whether Plaintiff is obligated under the policy to provide coverage.  Defendant's argument concerning the reservation of rights letters is more properly framed as an affirmative defense to the insurer's claim of non-coverage.  See Amlin Underwriting, Ltd. v. Caribbean Auto Mart of St. Croix, Inc., Civ. No. 2009/21, 2010 WL 3825106, at *3 (D.V.I. Sept. 28, 2010).  As such, the issue may be raised in the context of a summary judgment motion, at which time the parties may present factual material and legal argument concerning whether Plaintiff's conduct estops Plaintiff from denying coverage in the Underlying Action.[6]  See, e.g., Pa. Nat'l Mut. Cas. Ins. Co. v. South State, Inc., Civil No. 07-2989, 2008 WL 5116207, at *2-

---

[6] Defendant does not assert any affirmative defenses in his answer to the complaint.  The Court makes no finding as to whether Defendant may raise an affirmative defense of estoppel given the failure to do so in his answer.  The Court notes only that the issue of estoppel is more properly addressed in the context of a summary judgment motion rather than as a motion to dismiss under Rule 12(b)(6).

3 (D.N.J. Dec. 3, 2008) (considering reservation of rights letters on summary judgment and finding that insurer was precluded from refusing to indemnify insured, where insurer assumed responsibility for legal defense and failed to notify insured of insured's option to decline representation in reservation of rights letter).

As Defendant's arguments in connection with the motion to dismiss rely on the reservation of rights letters, and the Court finds it improper to consider such letters on a motion under Rule 12(b)(6), the Court may not address the substantive arguments of the motion at this time.  Accordingly, the motion to dismiss will be denied.

**V.    CONCLUSION**

Defendant DiAntonio's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be denied.  Defendant's arguments proffered in support of the motion require consideration of evidence outside of the pleadings, which the Court may not consider under Rule 12(b)(6).  Such arguments may instead be raised by way of summary judgment motion filed pursuant to Federal Rule of Civil Procedure 56.

An Order consistent with this Opinion will be entered.

s/ Noel L. Hillman
Dated: February 25, 2015          NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

13